UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD L. WYNN,

        Petitioner,

v.                                      Case No: 2:12-cv-100-FtM-29CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.[1]
_____

**OPINION AND ORDER**

**I.  Status**

Petitioner Donald Wynn (hereinafter "Petitioner") initiated this action on February 27, 2012, proceeding pro se, by filing a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. #1, Petition) and attached memorandum of law (Doc. #2, Memorandum) challenging his judgment and conviction entered in the Twentieth Judicial Circuit Court, Lee County, Florida (case no. 01-cf-3661).[2]

---

[1] The Court notes that Petitioner names the Florida Attorney General and the Secretary Department of Corrections as Respondents.  Petition at 1.  Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition."  Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).  This is "'the person with the ability to produce the prisoner's body before the habeas court.'"  Id. at 435-436.  In this case, the proper Respondent in this action is the Secretary of the Florida Department of Corrections.  Thus, the Florida Attorney General will be dismissed from this action.

[2] The Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing."

Petition at 1. In September of 2002, a jury convicted Petitioner of: attempted second degree murder of a law enforcement officer, fleeing and eluding an officer, armed robbery, grand theft of a firearm, and attempted armed robbery. Id.; see also Exh. 27 at 1. In December of 2002, Petitioner plead *nolo contendere* to possession of a firearm by a felon. Exh. 27 at 1.

Petitioner's charges arose from his theft of a firearm from a store on October 6, 2001. The following day, Petitioner drove his van up to the men who were sitting outside of a Fort Myers apartment building. He got out the van holding two handguns and robbed the men. Petitioner filed a single shot during the robbery and fled in his van. A police officer in the area heard the gunshot and arrived at the robbery scene within minutes. A description of the Petitioner and his vehicle was sent out over the police radio system and, shortly thereafter, another office saw Petitioner's van and attempted to conduct a stop. Petitioner refused to stop and a high-speed chase ensued involving multiple police vehicles. Petitioner eventually crashed his van and fled on foot to a nearby canal. Officers arriving on the scene released a K-9 dog to help apprehend Petitioner. Shortly thereafter officers heard a gunshot come from Petitioner's direction and one

---

Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

officer observed a muzzle flash.  Officers returned fire, shooting Petitioner and eventually apprehending him.  See Exh. 27.

The instant Petition raises one claim of ineffective assistance of defense counsel stemming from counsel's failure to object to the victims' in-court identification of Petitioner (based on his teeth) as the robber.  Respondent filed a Response opposing the Petition (Doc. #13, Response) and attached supporting exhibits (Doc. #14, Exhs. 1-33) consisting of the record on direct appeal and postconviction pleadings.  Respondent argues that the Petition fails to satisfy 28 U.S.C. § 2254 (d) and (e).  Petitioner filed a Reply (Doc. #16, Reply).  This matter is ripe for review.

## II.  Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).  Consequently, post-AEDPA law governs this action.  Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011).  "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt."  Id. (internal quotations and citations omitted).  See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

   Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011).  Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court.  Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).  Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the

- 4 -

petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. at 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could

disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

**B.  Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient,

i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 8, 130 S. Ct. 13, 16 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial

scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

## III. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v.

Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

Petitioner raises one claim of ineffective assistance of defense counsel stemming from counsel's alleged failure to object to the victims' in-court identification of him (based on his gold teeth) as unduly suggestive. Petition at 5; Memorandum at 2. In Response, Respondent refers the Court to the postconviction court's order denying Petitioner relief on this claim after an evidentiary hearing. Response at 12. Respondent notes that defense counsel did object to the in-court identification on other grounds, but the objection was overruled. Id. Respondent argues that Petitioner has not satisfied either prong of Strickland. Id. at 12-13.

As Respondent notes, the record reflects Petitioner raised this ineffective assistance of counsel claim as ground five in his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Response at 4; Exh. 17 at 6. The State responded, Exh. 19, after being ordered to do so by the postconviction court, Exh. 18. The postconviction court determined that an evidentiary hearing was warranted on this issue:

> Pursuant to **ground five**, counsel was ineffective for failing to object to the victims' in-court identification of Defendant. Defendant appears to argue that counsel should have objected to the display of his gold teeth and the resulting identification of him as overly prejudicial

> because the victims were not able to make a pre-trial identification of him and he was the only African-American male sitting at the defense table at trial. "The decision to admit or exclude evidence is committed to the sound discretion of the trial court." State v. Wright, 473 So. 2d 268, 269 (Fla. 1st DCA 1985). The trial court should exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Id. An allegation that trial counsel failed to object to impermissibly suggestive in-court identification procedures is a facially sufficient claim for postconviction relief and therefore, requires either an evidentiary hearing or an attachment of portions of the record refuting the claim. Haynes v. State, 729 So. 2d 498 (Fla. 1st DCA 1999). The record reflects that defense counsel unsuccessfully objected to the prosecutions' request to display Defendant's teeth to victim Jaime Rivera on the basis that the proper predicate had not been established. See attached copy of trial transcript, pages 48-49. Counsel did not, however, otherwise object to the in-court identification of Defendant by the victims. Accordingly, the Court finds an evidentiary hearing is needed to determine the merits of **ground five**.

Exh. 22 at 457-458 (emphasis in original). The postconviction court held an evidentiary hearing. Petitioner, represented by privately retained defense counsel, was present at the hearing and provided testimony. Testimony was also offered by Daphne Wynn, Shamika "Yvette Mouzon" Harris, Willie McCrae, and Petitioner's trial counsel, Douglas R. Withee. Exh. 27 at 1032. At the conclusion of the hearing, the postconviction court entered a

- 10 -

written order denying Petitioner relief on his ineffective assistance of counsel claim finding in pertinent part:

> As to Ground 5, Defendant claims that his trial counsel was ineffective for failing to object to the in-court identification of Defendant by the robbery victims. Defendant claims that the order for him to display teeth was a prejudicial affect to which trial counsel failed to object. The victims were unable to identify the Defendant other than him being an African American male with gold teeth.
>
> The Court finds that Defendant's claim that trial counsel failed to object to Defendant's showing of his gold teeth is refuted by the record. Trial counsel did object to the State's request that Defendant show his teeth. (T. 48-50). This objection was overruled by the trial court. (T. 49:23). Trial counsel testified that the defense strategy was to use the victims' imperfect identification of Defendant to the defense's advantage. Thus, for the foregoing reasons, ground 5 is denied on the merits.
>
> As a whole, Defendant has failed to demonstrate that the performance of trial counsel fell below the appropriate standard of care, has failed to demonstrate prejudice, and has failed to demonstrate that trial counsel was ineffective within the meaning of Strickland on all three grounds.

Exh. 27 at 1034-1035.

The Court finds that the State courts' decisions were neither contrary to, nor an unreasonable application Strickland. The postconviction court applied the standard set forth in Strickland to Petitioner's claims of ineffective assistance of counsel, finding neither prejudice, nor deficient performance, because

counsel did object to the in-court identification of Petitioner as the robber due to improper predicate laid, but the objection was overruled. Defense counsel was highly experienced, having been licensed in 1981 and had over 2,000 criminal trials. Exh. 26 at 946. Counsel testified that in this case it was a part of his defense strategy to use the imperfect identification of Petitioner (based on his gold teeth) to the defense's advantage. Defense counsel explained that during the trial, testimony was elicited from the victims explaining that the victims never identified Petitioner as the robber prior to trial and were not even able to identify Petitioner as the robber during trial, until he was instructed to show his teeth. In other words, the victims only identified Petitioner by his race, height, and specifically his gold teeth at trial. Defense counsel pointed to the less than perfect identification (what he called a "non-identification") of Petitioner on cross-examination of the victims and in his closing arguments. Exh. 26 at 959-961. An attorney's actions are sound trial strategy, and thus effective, if a reasonable attorney could have taken the same actions. <u>Williams v. Head</u>, 185 F.3d 1223, 1244 (11th Cir. 1999). Petitioner has not shown that no reasonable defense attorney would have taken the same action counsel took in this case considering the victim's inability to identify Petitioner as the robber (absent his height, race, and his gold

teeth).[3]  Accordingly, Petitioner is denied relief on his ineffective assistance of trial counsel claim.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Florida Attorney General is dismissed as a named Respondent from this action.

2. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

3. The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and, close this file.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists

---

[3]Moreover, other evidence tied Petitioner to the robbery including the van he drove and crashed after a high speed chase, a cap, and a firearm.

would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___16th___ day of January, 2015.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record